## ABEY v. ABEY.

Divorce: ALIMONY. While the wife who has been wronged should be fully protected by proper allowances of alimony, it should be so done as not unnecessarily to oppress the husband.

*Appeal from Dubuque District Court.*

FRIDAY, DECEMBER 8.

ACTION in equity for a divorce and alimony, on the ground of cruel and inhuman treatment. The parties

were married in March, 1868, had two male children born to them, and finally separated in August, 1870, having about a year before been temporarily separated for a month or two. This action was brought in September, 1870, and in March, 1871 a judgment for divorce in favor of the wife, and awarding her the custody of the children, and also for $400 annual alimony, payable in monthly installments, in advance, was rendered. The defendant appeals from the judgment as to alimony only.

*Roberts & Fouke* for the appellant.

*Burt & Lyon* and *Geo. Gray* for the appellee.

Cole, J.—To avoid the expense of bringing to this court all the evidence taken upon the question of divorce, the appellant, by stipulation between the parties, concedes, for the purpose of the trial here, that the allegations of the petition are true. Those allegations show a continued passionate, ill treatment on the part of the husband during their married life, fully justifying the judgment of divorce.

Upon the subject of alimony, the evidence shows substantially that the defendant owns a house and lot in Dubuque, which was occupied by the parties as a homestead while they lived together, worth $2,500; he has on deposit in bank $300 and is employed as a book-keeper in a bank, at a salary of $1,000; the house rents at $180 per year. This is the sum of the defendant's property and income. The defendant is indebted in the aggregate, besides the temporary alimony and costs awarded in the progress of this case, in the sum of $1,125.

The district court allowed to plaintiff alimony to the amount of $400 per year, without limit as to time, and made the same payable in advance, in monthly installments. In our opinion this allowance is excessive in the amount,

and objectionable in the manner of payment.    While the
wife, who has been wronged, should be fully protected, yet
it should be so done as not to unnecessarily oppress or dis-
hearten the husband.

In our view the very outside limit of proper alimony to
the wife is $1,000; that said sum shall be made a lien on
the homestead; that it shall draw ten per cent interest, pay-
able semi-annually; that $100 of the principal of said
sum shall also be paid semi-annually, from the first day of
January, 1872, till the whole of said principal, with inter-
est thereon, as above, from said date, is fully paid, and
plaintiff may have execution therefor.    But the defendant
may pay the whole of said sum remaining due at any semi-
annual day he may so elect.    The defendant will also be
required to pay to the plaintiff for the support of each
child so long as she shall support them or either of them,
the sum of $8 per month for each child supported by her,
payable in advance monthly, beginning with the first day
of January, 1872, to continue till they severally arrive at
sixteen years of age.    In default of payment, execution
may issue.    The defendant will be permitted to have access
to and converse with the children at reasonable intervals
and times.

The cause will be reversed and remanded to the district
court, with instructions to modify the judgment for alimony,
etc., in accordance with this opinion, and to enforce the
same.

                                         Reversed.